GREGORY T. MEATH (State Bar No. 180495)
MEATH & PEREIRA
20 North Sutter Street, Suite 200
Stockton, CA 95202-2911
Ph. (209) 942-3300
Fx. (209) 942-3302
Attorney for Plaintiff – Counterclaim Defendant:
RACKLEY BILT TRAILER SALES, INC

A. PETER RAUSCH, JR. (State Bar No. 127930)
LAW OFFICES OF A. PETER RAUCH, JR.
7488 Shoreline Drive, Suite A-3
Stockton, CA 95219
Ph. (209) 952-5000
Fx. (209) 952-5509
Attorneys for Defendant – Counterclaim Plaintiff:
HARLEY MURRAY, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| RACKLEY BILT TRAILER SALES, a California corporation,<br><br>Plaintiff – Counterclaim Defendant,<br><br>vs.<br><br>HARLEY MURRAY, Inc., a California corporation,<br><br>Defendant-Counterclaim Plaintiff. | E.D. Case No.: 2:09-CV-01382-JAM-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[Fed. R. Civ. Proc. 26(c)] |

WHEREAS, during the course of this proceeding, the parties hereto may seek to obtain discovery of information which the party from whom discovery is sought considers to be a trade secret or other confidential research, development or commercial information which that party does not ordinarily disclose to the public; and

WHEREAS, the parties to this action are direct competitors and as such desire that confidential information not be disclosed directly to the opposing parties, except as to specific documentation identified by counsel as appropriate for exclusion from this Protective order,

NOW, THEREFORE, upon consideration of the record and proceedings herein and pursuant to the provisions of Rule 26(c), Fed. R. Civ. P., the parties hereby stipulate and agree and respectfully request that:

**IT IS ORDERED THAT**:

## INFORMATION SUBJECT TO THIS ORDER

1. For the purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all material, information or things which the producing party considers in good faith to contain or to constitute trade secrets or other confidential research, development or commercial information (including sales, financial and like business information), that the producing party does not ordinarily disclose to persons not affiliated with the producing party, whether embodied in documents, things or the factual knowledge of persons, and which has been so designated by the producing party in the manner set forth hereafter.

(a) CONFIDENTIAL INFORMATION contained in physical objects or documents, including without limitation, any transcripts, exhibits, answer to interrogatories and other discovery requests, or copies thereof, shall be either designated

by stamping or affixing thereto the legend CONFIDENTIAL on each page of any document for which protection is being sought herein or identified as CONFIDENTIAL INFORMATION by a party or its attorney in writing or on the record of a deposition. Any information contained in any document or object so designated shall be handled in accordance with this Order.

(b) If CONFIDENTIAL INFORMATION is included in papers to be filed with the court, the confidential portion of the document or tangible thing shall be submitted separately from non-confidential material with a proposed sealing order, in conformity with Local Rule 141, pending the court's determination of the claim of privilege by appropriate motion.

(c) ALL CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 1(a) shall be designated by the producing party by informing the receiving party in writing.

(d) CONFIDENTIAL INFORMATION shall not include information which, at or prior to the disclosure to the receiving party, is known to or independently developed by the receiving party, or is public knowledge or becomes public knowledge by reason of its disclosure by a person having the unrestricted right to do so and without violation of this Order by the receiving party.

2. The designation of CONFIDENTIAL INFORMATION pursuant to this Order shall not be construed as a concession by either party that such information is relevant or material to any issue or is otherwise discoverable, or is in fact confidential or a trade secret subject to the protections of this Order. The failure of any party to immediately challenge a designation that any document or thing is CONFIDENTIAL INFORMATION shall not constitute acquiescence to such claim and such a challenge may be made at anytime.

Case 2:09-cv-01382-JAM-EFB   Document 13   Filed 02/22/10   Page 4 of 11

3. When producing original files, records and materials for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents and materials shall be considered as marked CONFIDENTIAL INFORMATION. Thereafter, upon selection of specified documents and materials for copying by the inspecting party, or if copies are to be produced in lieu of producing original documents for inspection, the producing party shall mark the copies of such documents and materials as may actually contain protected subject matter with the legend CONFIDENTIAL at the time any requested copies are provided to the inspecting party.

## **PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL INFORMATION"**

4. For the purposes of this Order, persons authorized to receive "CONFIDENTIAL INFORMATION" (hereinafter "Qualified Recipient") shall include only:

(a) outside attorneys of record retained by the receiving party, as well as members of the paralegal, secretarial or clerical staff who are assisting in connection with this proceeding, and specifically excluding in-house counsel from the coverage of this subparagraph;

(b) in-house counsel for the parties, as well as members of their paralegal, secretarial or clerical staff, who are assisting or supervising in connection with this proceeding;

(c) shorthand reporters who take and transcribe testimony in connection with this proceeding, as well as necessary secretary and clerical assistants;

(d) third-party experts or independent consultants who are not employees of either party, engaged by counsel or by the parties to assist in this proceeding or any other proceeding between the parties or their successors in interest with respect to the trademark rights asserted in this proceeding, provided that each such expert or

4
STIPULATED PROTECTIVE ORDER
Case No. 2:09-CV-01382-JAM-EFB

independent consultant signs an undertaking prior to receiving any documents or materials containing CONFIDENTIAL INFORMATION, in the following form:

> The undersigned has read the Stipulated Protective Order entered in this proceeding and confirms: (1) that he/she shall fully abide by the terms thereof; (2) that he/she shall not disclose CONFIDENTIAL INFORMATION, as that term is defined in the Stipulated Protective Order, to, or discuss CONFIDENTIAL INFORMATION with, any person who is not authorized pursuant to the terms of said Protective Order to receive the disclosure thereof and (3) that he/she shall not use such CONFIDENTIAL INFORMATION for any purpose other than for the purposes of this proceeding.

and that a copy of the undertaking and a resume of the expert or independent consultant be served upon the producing party at least fifteen days prior to the disclosure of documents or materials containing CONFIDENTIAL INFORMATION. If prior to the expiration of the fifteen day period the producing party objects in writing to the disclosure and the parties negotiate a compromise or if the prior to the expiration of the fifteen day period the producing party files a motion seeking to restrain the prospective disclosure, then no disclosure shall be had until a compromise is reached or a ruling on the motion is made, and the producing party shall bear the burden of proof with regard to such motion. If the objection is timely raised with the 15-day period and the producing party concludes that it is necessary to seek a protective order against disclosure, the producing party must serve notice of this conclusion upon the receiving party. The producing party will have 15 days from service of the notification to file a motion if it so chooses. and

    (e) Personnel of the Court.

### **LIMITATIONS ON THE USE OF "CONFIDENTIAL INFORMATION"**

    5. CONFIDENTIAL INFORMATION shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this proceeding or any appeal therefrom, and shall not be disclosed to any person who is not a Qualified Recipient. Each party shall use its best efforts to maintain all produced

CONFIDENTIAL INFORMATION so as to prevent access, even at hearing or trial, by the officers and employees of the receiving parties who are not Qualified Recipients. In particular, and without limiting the foregoing, no technical or business employee of any receiving party shall be given access to CONFIDENTIAL INFORMATION of any producing party, nor shall the contents or substance of any CONFIDENTIAL INFORMATION be disclosed to any such person, except as provided in this Order.

6. Nothing herein shall restrict a Qualified Recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL INFORMATION for use in connection with this proceeding and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL INFORMATION under the terms of this Order.

7. All documents of any nature (including any of the foregoing documents as well as any other documents including briefs, motions, transcripts, etc.) which are filed with the Court for any purpose and which contain CONFIDENTIAL INFORMATION shall bear a statement substantially in the following form:

***CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER***

8. Persons who are not Qualified Recipients under the Order may be examined as witnesses at depositions and trial and may testify concerning all CONFIDENTIAL INFORMATION of which such persons have prior knowledge, provided that examination to establish prior knowledge does not reveal any CONFIDENTIAL INFORMATION.

9. (a) At deposition, when the anticipated answer to a question would result in the disclosure of CONFIDENTIAL INFORMATION, any person may designate the proceedings from that point forward as confidential. Upon such a designation being made, only Qualified Recipients, the witness and his attorney, and representatives (bona fide directors, officers, etc.) of the party whose CONFIDENTIAL INFORMATION is being elicited may remain at the deposition. All others must leave the room until such time as the testimony of non CONFIDENTIAL INFORMATION resumes. Parties and

1  their counsel are under an obligation to act in a manner which allows the orderly conduct
2  of depositions, does not impede the interrogating party's right to conduct questioning of
3  the witness without undue interruption, and respects the right of parties to be present
4  whenever possible.

5  (b)   After receipt of the deposition transcript, all parties shall have
6  thirty (30) days to identify additional portions of the testimony and exhibits that are
7  deemed to include CONFIDENTIAL INFORMATION. Until the end of the thirtieth
8  (30th) day, no portion of the transcript or exhibits shall be revealed to anyone other than
9  Qualified Recipients. After any further designation of CONFIDENTIAL
10 INFORMATION is made by any party, the reporter shall promptly conform the original
11 copy and counsel shall conform their copies in accordance with the requesting attorney's
12 designation. The portions so designated shall be separated and treated as
13 CONFIDENTIAL INFORMATION as provided in paragraph 1 of this Order.

14 10. Production of all documents and things shall be carried out in one of the
15 following ways:

16 (a) The producing party shall make available documents and things for inspection
17 to outside counsel for the receiving party. All documents and things produced for such
18 inspection shall, initially be deemed CONFIDENTIAL INFORMATION. At said
19 inspection, outside counsel for the receiving party shall specify to outside counsel for the
20 producing party those documents which it requests to have copied for further use in these
21 proceedings. Outside counsel for the receiving party shall not disclose to any person
22 other than a Qualified Recipient at any time the contents of any document that is not so
23 specified to be copied. The producing party shall then produce copies of the documents
24 and things so specified to outside counsel for the receiving party and may designate
25 documents and things as CONFIDENTIAL INFORMATION or in accordance with
26 paragraph 1 above. Nothing in the stipulation is intended to impose the cost of

copying on the producing party. Absent agreement between the parties, the party requesting the copying of documents shall bear the cost of copying.

(b)  The producing party may send to opposing counsel, via overnight courier or other mutually agreeable delivery method, copies of responsive documents bearing the CONFIDENTIAL designation. Upon request of the receiving party, the original of any document so produced shall be made available for inspection upon reasonable notice and in a manner designed to safeguard the integrity of the original of any document.

11. This Order shall be without prejudice to the right of any party to oppose production of any information on any ground, including one based on the presence of CONFIDENTIAL INFORMATION.

12. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently disclosed information, but no consequences shall attach to the receiving party's disclosure of such inadvertently disclosed information made prior to its being notified of the claim of confidentiality.

13. Any of the notice requirements herein may be waived, in whole or in part, only by a writing signed by the party or counsel of record for the party against which such waiver will be effective.

14. Within sixty days of final termination of this proceeding or any appeals therefrom, each party shall destroy or return all original materials produced and

designated as CONFIDENTIAL INFORMATION to the producing party, and shall destroy, in whatever form stored or reproduced, all other materials which contain or refer to CONFIDENTIAL INFORMATION including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials. The receiving party shall provide written confirmation of its compliance with this paragraph.

15. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The entry of this Order shall be without prejudice to the rights of any party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, if necessary, as to any specific information, documents, testimony or things.

16. By signing below, the parties' counsel agree as between themselves and on behalf of their respective clients to be immediately mutually bound by all of the obligations and restrictions applicable to them as set forth herein until such time as this particular Order is entered and superseded by the Court, or any reviewing Court, in its present form.

17. By signing below, the signatories submit to the jurisdiction of the Federal Courts of the Eastern District of California for purposes of enforcing this Order.

18. Nothing contained herein limits the right of any person to use in any way or disclose to any person any documents, things or information that person has created or lawfully obtained other than through discovery in this proceeding.

19. Acceptance or production by a party of any information, document, or thing designated as CONFIDENTIAL INFORMATION shall not constitute a concession that the information, document or thing is confidential, privileged, subject to discovery, relevant, or admissible in evidence.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 18, 2010 | MEATH & PERIERA |
| | | ATTORNEYS AND COUNSELORS |
| 3 | | GREGORY T. MEATH |

DATED: February 18, 2010            MEATH & PERIERA
                                    ATTORNEYS AND COUNSELORS
                                    GREGORY T. MEATH


                                    By: /s./ Gregory T. Meath
                                        Gregory T. Meath
                                        Attorneys for Plaintiff –
                                        Counterclaim Defendant
                                        RACKLEY BILT TRAILER
                                        SALES, INC.


DATED: February 18, 2010            LAW OFFICES OF A. PETER RAUSCH
                                    A. PETER RAUSCH


                                    By: /s./ A. Peter Rausch
                                        A. Peter Rausch
                                        Attorneys for Defendant –
                                        Counterclaim Plaintiff:
                                        HARLEY MURRAY, INC.

10
STIPULATED PROTECTIVE ORDER
Case No. 2:09-CV-01382-JAM-EFB

### E-FILING SIGNATURE ATTESTATION

I hereby attest that I have been expressly authorized by opposing counsel to affix his signature above as indicated by a "conformed" signature (/S/) within this e-filed document.

Dated: February 18, 2010                    /s/ Gregory T. Meath
                                            GREGORY T. MEATH

                                            **[Submitted via E-Filing]**

### ORDER

IT IS SO ORDERED:

DATED:  February 22, 2010

_____
EDMUND F. BRENNAN
United States Magistrate Judge