IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACKLEY BILT CUSTOM TRAILERS, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>HARLEY MURRAY, INC., a California corporation,<br><br>        Defendant.<br>_____/<br>HARLEY MURRAY, INC., a California corporation,<br><br>        Counter-Claimant,<br><br>    v.<br>RACKLEY BILT CUSTOM TRAILERS, INC., a California corporation,<br><br>        Counter-Defendant.<br>_____/ | No. Civ. 2:09-cv-1382-JAM-EFB<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>MOTION FOR SUMMARY ADJUDICATION</u> |

This matter comes before the Court on Defendant and Counter-Claimant Harley Murray, Inc.'s ("Murray" or "Defendant") motion for summary judgment, or in the alternative, summary adjudication of claims, pursuant to Federal Rule of Civil Procedure 56.[1] (Doc. # 17). Defendant seeks summary adjudication of Count IV ("California Unfair Competition"), Count V ("Lanham Act Unfair Competition"), and Count VI ("Bad Faith Registration of Domain Names").  Plaintiff and Counter-Defendant Rackley Bilt Custom Trailers, Inc. ("Rackley" or "Plaintiff") concedes dismissal of Counts IV and V of the Complaint. (Doc. # 21). Plaintiff opposes Defendant's motion for summary adjudication on Count VI of its Complaint. Id. For the reasons stated below, Defendant's motion for summary adjudication on Count VI is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Harley Murray, Inc. builds a line of low-bed, heavy haul trailers.  Pl's Statement of Undisputed and Disputed Facts, Doc. # 23, ("Pl's Facts") ¶ 2. Murray also repairs trailers made by other manufacturers, including those made by Plaintiff Rackley Bilt Custom Trailers, Inc. Id. Rackley entered the business of building trailers in 2002. Id. ¶ 3. In or about late 2007 or early 2008, Murray's President and CEO, Doug Murray, allegedly became concerned about conduct by Rackley and its owner, Danny Rackley. Id. ¶ 4. Doug Murray believed that Mr. Rackley's conduct amounted to improper conduct, business interference and

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

unfair competition.  Id.  Such conduct is the subject of Murray's counterclaim in this action. (Doc. # 7). Rackley disputes these claims. (Doc. # 8).

In response to this conduct, Murray considered setting up a website to purportedly make public comment about Rackley's alleged unfair practices, and to provide information about Rackley's products and product comparisons. Pl's Facts ¶ 5. Doug Murray authorized his son, Chaz Murray, to obtain some domain names that Murray might use for such a website. Id. ¶ 6. In or about early 2008, Chaz Murray registered ten domain names (collectively, "the domain names") including: rackleybilt.com; rackleytrailers.com; rackleybilttrailers.com. Id. ¶ 7. It is undisputed that when Murray registered the domain names, Rackley had not yet attempted to obtain any trademark registration for the name "Rackley Bilt Custom Trailers" or any variation of those words nor did Rackley have a website of any kind. Id. ¶¶ 9, 13.

On May 18, 2009, Rackley filed this action for against Murray. (Doc. # 2). It is undisputed that after this action was commenced, Murray transferred all of the domain names to Rackley for no consideration or payment.  Pl's Facts ¶ 17. Currently, none of the domaim names are registered to Murray.

Because Rackley has voluntarily dismissed Counts IV and V of its Complaint, the only issue before the Court is Murray's motion for summary adjudication on Rackley's Count VI for Bad

3

Faith Registration of Domain Names pursuant to 15 U.S.C. Section 1125(d).

## II.  OPINION

A. <u>Legal Standard</u>

Summary judgment or summary adjudication is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-324 (1986), "[i]f summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). The Court must view the facts and draw inferences in the manner most

favorable to the non-moving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

A "scintilla of evidence" is insufficient to support the non-moving party's position; "there must be evidence on which the jury could reasonably find for the [non-moving party]." <u>Anderson</u>, 477 U.S. at 252. Accordingly, this Court applies to either a defendant's or plaintiff's motion for summary judgment essentially the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>. at 251-52.

B. <u>Count VI: Cybersquatting</u>

Count VI of Plaintiff's Complaint alleges a violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. Section 1125(d). Cybersquatters register well-known brand names as Internet domain names in order to force the rightful owners of the marks to pay for the right to engage in electronic commerce under their own name. See <u>Intersellar Starship Servs. V. Epix, Inc.</u>, 304 F.3d 936, 946 (9th Cir. 2002). Congress enacted the ACPA because cybersquatting "threatened 'the continued growth and vitality of the Internet as a platform' for 'communication, electronic commerce, education, entertainment, and countless yet-to-be-determined uses." <u>Id.</u>

A cybersquatter is liable under the ACPA to the owner of a protected mark if the cybersquatter has:

(i)  a *bad faith intent to profit* from that mark; and

(ii) registers, traffics in, or uses a domain name that --

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark.

See 15 U.S.C. Section 125(d)(1)(A)(emphasis added). A finding of "bad faith" is an essential prerequisite to finding an ACPA violation. Congress enumerated a list of nine factors to consider "in determining whether a person has a bad faith intent." Id. Congress did not mean these factors to be an exclusive list; instead, "the most important grounds for finding bad faith are 'the unique circumstances of the case, which do not fit neatly into the specific factors enumerated by Congress.'" See Intersellar Starship Servs. V. Epix, Inc., 304 F.3d 936, 946-47 (9th Cir. 2002).

Murray argues that summary adjudication on Count VI should be granted because there is no material fact in the record to support a finding that Murray had "bad faith with intent to profit" when it registered the domain names. Rackley's sole argument in opposition is that "a trier of fact may determine that Murray's explanation of its intended use of Rackley domain names, and its claim that no profit was intended, is not credible." Pls' Opp. at 5. However, Rackley does not put forth any evidence on which a jury could reasonably find for the

Plaintiff on Count VI. Merely questioning the credibility of a witness for the moving party is insufficient to create an issue of fact.  See, e.g., Bodett v. Coxcom, Inc., 366 F.3d 736, 740 n.3 (9th Cir. 2004). Rackley has failed to introduce any evidence which, if taken as true, would permit the conclusion that there was a bad faith reason and intention to profit when Murray registered the domain names.

Here, the undisputed facts demonstrate that when Murray registered the domain names, Rackley did not have a website of any kind, under any name. Pl's Facts ¶ 9. Nor did it have a registered trademark in the phrase "Rackley Bilt Custom Trailers" or in any part of that phrase. Pl's Facts ¶ 13. After registering the domain names, Murray did not use the names in any way. Id. ¶ 11. Murray did not affix the domain names to any goods or containers, or use them in connection with any goods or services. Id. Murray did not set up a website using any of the domain names nor did he use the domain names in any advertising or in any public statements. Id. There is no evidence in the record that Murray offered to sell the domain names to Rackley or to anyone else. Id. ¶ 12. Murray did not profit from registering the domain names and currently, none of the domain names is now registered to Murray. Id. ¶¶ 12, 17. Instead, Murray transferred the domain names to Rackley, for no fee or consideration. Id. ¶ 17.

Based on these facts, there remains no disputed issue of a genuine material fact for trial.  There is no evidence in the record to suggest that Murray is acting as a cybersquatter by

registering Internet domain names in order to force Rackley to pay for the right to engage in electronic commerce under its own name. Rackley has presented no evidence that Murray intended to use the domain names to identify its own goods or to confuse customers.  Because Murray never used the domain names, any attempt to suggest other motives or intention would be pure speculation.  As such, Plaintiff has failed to produce evidence in the record to raise a genuine issue of material fact as to whether Murray registered the domain names with a "bad faith intent to profit from the mark."  Because Rackley cannot establish an essential prerequisite to finding an ACPA violation, its ACPA claim fails as a matter of law. As such, the Court need not, and declines to address, whether Rackley Bilt Custom Trailers was a distinctive mark at the time Murray registered the domain names.

## III. ORDER

For the above reasons, Defendant Harvey Murray, Inc.'s motion for summary adjudication on Plaintiff Rackley Bilt Custom Trailers, Inc.'s Count VI is GRANTED.  Further, as noted above, Plaintiff has voluntarily dismissed Count IV and V of its Complaint and judgment for Defendant shall be entered on these claims as well.

IT IS SO ORDERED.

Dated:  June 9, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE