UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RACKLEY BILT TRAILER SALES, | ) | Case No. 2:09-CV-01382 JAM-EFB |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) ) ) | ORDER DENYING RACKLEY'S MOTION FOR ATTORNEYS' FEES |
| v. | ) ) | |
| HARLEY MURRAY, Inc., | ) ) | |
| Defendant-Counterclaim Plaintiff. | ) ) ) | |

This matter comes before the Court on Plaintiff-Counterclaim Defendant Rackley Bilt Trailer Sales' ("Rackley") Motion For Attorneys' Fees (Doc. 49). Rackley requests attorneys' fees pursuant to 15 U.S.C. § 117(a) after prevailing in trial against Defendant-Counterclaim Plaintiff Harley Murray, Inc. ("Murray"). Murray opposes the motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D.Cal. L.R. 230(g). It was scheduled for a hearing on November 17, 2010.

I.   FACTUAL BACKGROUND

Rackley filed a lawsuit in this Court seeking declaratory relief in this trademark and trade dress case. In response to the lawsuit, Murray filed counterclaims against Rackley claiming trademark and trade dress infringement and unfair trade practices. After a bench trial, the Court entered judgment in favor of Rackley on each counterclaim brought by Murray and it granted Rackley's request for declaratory judgment. As the prevailing party, Rackley now seeks an award of attorneys' fees.

II.   OPINION

A.   Legal Standard

The Lanham Act allows for an award of attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). The Lanham Act does not define what makes a case exceptional. In the Ninth Circuit, a case is exceptional when the case is "*either* groundless, unreasonable, vexatious, *or* pursued in bad faith." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (internal citations omitted).

B.   Claims for Fees

Rackley argues that it is entitled to fees because Murray's claims were groundless and unreasonable, the pursuit of those claims was vexatious, and the claims were pursued in bad faith. Murray counters that Rackley is not entitled to fees because Murray did no more than to make a good faith claim of infringement through a cease and desist letter, the issues were novel, and the case presented questions that the Court described as close.

Though Rackley prevailed in this lawsuit, the Court finds that this is not an "exceptional case" which would entitle Rackley to

fees. See e.g. <u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601, 615-16 (9th Cir. 2010) (upholding the district court's fee award because the plaintiff did not present any evidence except for a misleading and deceptive declaration and the plaintiff did not cite any cases of persuasive value or that were not easily distinguishable); <u>Matrix Motor Co., Inc. v. Toyota Motor Sales, U.S.A., Inc.</u>, 120 Fed. Appx. 30, 32 (9th Cir. 2005) (upholding attorneys' fees because the district court found that the plaintiff grossly exaggerated its claims, had no competent evidence to support those claims, and its misconduct during discovery made it very costly and difficult for the defendant to defend against the claims); <u>Cairns</u>, 292 F.3d at 1156 (upholding fee award because the district court found that the dilution of trademark claim was groundless and unreasonable because it had no legal basis since it was based on absurd and almost frivolous contentions).

    Murray's counterclaims were not groundless, unreasonable, or vexatious.  Murray raised colorable legal and factual issues. Although Murray did not prove a likelihood of confusion, its claims were not objectively unreasonable or coercive.  Furthermore, Murray did not pursue the case in bad faith.  Nothing in the record persuades the Court that Murray's purpose was other than to protect its trade mark and trade dress. The Court's findings of fact and conclusions of law reflect that this was a hard fought and closely contested case. Murray's claims against Rackley were not frivolous and raised debatable issues of law and fact.  See <u>Boney, Inc. v. Boney Services, Inc.</u>, 127 F.3d 821, 827 (9th Cir. 1997). Accordingly, the Court finds that as a matter of law this is not an exceptional case within the meaning of Lanham Act Section 35(a)

and, therefore, will not award attorneys' fees to Rackley.

## III. ORDER

For the reasons set forth above, Rackley's motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: November 22, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE